UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:

FLORIDA INSURANCE CONCEPTS,
LLC,

        Plaintiff,

v.

DERYCK LANCE AND LANCE
INSURANCE GROUP, P.L.L.C.,

        Defendants.

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Deryck Lance ("Mr. Lance") and Lance Insurance Group, LLC ("Lance Insurance Group") (collectively, "Defendants") by and through undersigned counsel, remove the case styled *Florida Insurance Concepts, LLC, f/k/a Florida Insurance Concepts, Inc. v. Deryck Lance and Lance Insurance Group, P.L.L.C.*, Case No. 2017-CA-000274, currently pending in the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida, Fort Pierce Division.  As grounds, Defendants state:

    1.    On February 16, 2017, Florida Insurance Concepts, LLC. ("FIC") initiated the State Court Action.  A Summons and Complaint were served on or about February 17, 2016.  Pursuant to 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal within 30 days after receipt of a copy of FIC's initial pleading.  Pursuant to 28

U.S.C. § 1446(a), a true and legible copy of all process, pleadings, motions, and orders then on file in the State Court Action is attached as **Exhibit "A."** At the time of this filing, no further proceedings have occurred in the State Court Action.

1. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Southern District of Florida, Fort Pierce Division, is the district and division within which the Circuit Court for the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, is located.

**Federal Question Jurisdiction is Basis of Removal**

3. This Court has original jurisdiction over this action based on a federal question pursuant to 28 U.S.C. § 1331, and this action is therefore properly removable under 28 U.S.C. § 1441(a).

4. As explained below, FIC's Complaint asserts a claim that contains an inherent federal question arising under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

**General Background of Disputes**

5. FIC operates as an independent insurance agent and holds itself out to the public as offering home, auto, commercial, and marine insurance products.

6. Mr. Lance worked for FIC as a sales agent from in or about October, 2010 to in or about July 27, 2016. During this time period, Mr. Lance worked for no other company and the only income he received from work came exclusively from FIC.

7. While working for FIC, Mr. Lance was required to sign various versions

of a "Covenant Not to Compete" (the "Restrictive Covenant Agreement.").[1]  The most recent version was attached to the Complaint.

8.  The non-solicit provision in the Restrictive Covenant Agreement only seeks to restrict Mr. Lance from soliciting FIC's "customers" or "sources of referrals, business or customers" – it contains no restrictions whatsoever on soliciting mere prospects.

9.  In or about July 28 or 29, 2016, Mr. Lance started his own independent insurance agent business in Hillsborough County, Florida.

10.  After starting his new business, Mr. Lance communicated with and signed as a client a company that was a former FIC prospect.  The company was never an FIC customer.

11.  In connection with leaving FIC, Mr. Lance also hired the undersigned counsel to seek legal advice regarding: (i) substantial compensation owed by FIC, and (ii) the Restrictive Covenant Agreement.

12.  On or about October 21, 2016, after Mr. Lance secured the former prospect as a client (but before undersigned counsel reached out to FIC), he received a letter from FIC's counsel.  The letter informed Mr. Lance that FIC believed he violated the Restrictive Covenant Agreement by obtaining the former FIC prospect as a client.  A true and correct copy of that letter is attached as **Exhibit "B."**

13.  On or about November 1, 2016, undersigned counsel sent FIC's counsel a

---

[1] The so-called "Covenant Not To Complete" actually does not contain any non-compete covenants.  The only restrictive covenants it contains are non-solicit and non-disclosure covenants.  As such, the catch-all title "Restrictive Covenant Agreement" is a more accurate reflection of the agreement's intended purpose.

3

letter explaining that (i) FIC misclassified Mr. Lance (and others) under the FLSA and, as a result, owes him (and likely others) a substantial amount of unpaid overtime and other damages under the FLSA, (ii) FIC owes Mr. Lance a substantial amount of unpaid commissions, (iii) the Restrictive Covenant Agreement is not enforceable because, *inter alia*, FIC's prior material breaches (*e.g.*, unpaid wages and violations of numerous rights afforded Mr. Lance under employment laws), and (iv) even if enforceable, Mr. Lance clearly did not violate the Restrictive Covenant Agreement for the simple reason that the non-solicit provision does not impose restrictions with respect to mere FIC prospects. A true and correct copy of that letter is attached as **Exhibit "C."**

14. After receiving undersigned counsel's letter, FIC properly stopped asserting that Mr. Lance violated the Restrictive Covenant Agreement.

15. In January 2017, Mr. Lance and FIC began communications concerning how much FIC would compensate Mr. Lance with respect to the unpaid overtime and other damages stemming from his FLSA misclassification claim and the amounts owed for his unpaid commissions.

16. Mr. Lance's most recent demand indicated it was a final notice and included a deadline for responding, after which suit would be filed against FIC. One business day prior to that deadline, FIC filed the State Court Action.

**The Complaint's Allegations Relating to Misclassification**

17. Relevant to this Notice of Removal, the face of the Complaint (i) asserts claims against Mr. Lance based on the Restrictive Covenant Agreement, (ii) seeks declaratory relief as to whether, as a matter of law, Mr. Lance is entitled to post-

4

termination commissions, and (iii) seeks declaratory relief as to whether, as a matter of law, FIC misclassified Mr. Lance as an "independent contractor" as opposed to an "employee."  (Complaint ¶¶ 9.1 – 9.10).

18. Despite the misclassification dispute turning on whether Mr. Lance was an "employee" under the FLSA, such that he is entitled to unpaid overtime and other FLSA damages, FIC artfully avoided any reference to the FLSA.

**Artful Pleading Exception to the Well-Pleaded Complaint Rule**

19. This case is removed pursuant to 28 U.S.C. § 1331, which provides "[t] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

20. In applying that statutory provision "[t]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpiller, Inc. v. Williams*, 482 U.S. 386 (1987).

21. A corollary to that rule, however, is the artful pleading doctrine, which means that "if federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal." Hays v. Cave, 446 F.3d 712, 713 (7th Cir. 2006) (citing *Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22-23 (1983); *Burda v. M. Ecker Co.,* 954 F.2d 434, 438 (7th Cir.1992); *Mikulski v. Centerior Energy Corp.,* 435 F.3d 666, 671 (6th Cir.2006); *see also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)

("[Defendant] was entitled to remove the quiet title action if [Plaintiff] could have brought it in federal district court originally, 28 U.S.C. § 1441(a), as a civil action 'arising under the Constitution, laws, or treaties of the United States,' § 1331."*; Mellman v. Sprint Commc'ns Co.*, 975 F. Supp. 1458, 1460 (N.D. Fla. 1996) (applying artful pleading doctrine to hold that removal was proper when plaintiff's claims were either preempted by federal law or necessarily implicated federal law)*;* 14B Fed. Prac. & Proc. Juris. § 3722.1 (4th ed.) ("A plaintiff cannot frustrate a defendant's right to remove by pleading a case without reference to any federal law when the plaintiff's claim is necessarily federal.")

22. Simply put, "when a cause of action in the plaintiff's complaint, if properly pled, would pose a federal question and make the case removable, the plaintiff is not permitted to disguise the inherently federal cause of action to block removal." 14B Fed. Prac. & Proc. Juris. § 3722.1 (4th ed.)

23. Here, the source of the federal question – the FLSA – can be ascertained from the allegations themselves. Specifically, the Complaint seeks declaratory relief on whether Mr. Lance was an "employee" and therefore "entitled to all the benefits an employee is legally entitled to." (Complaint ¶ 9.3).

24. We agree that Mr. Lance seeks "<u>all</u> of the benefits an employee" is entitled to. (Emphasis added). As reflected in Exhibit C, which is the foundation of the "dispute" for which declaratory judgment is sought, Mr. Lance expressly sought, and is seeking, the benefits and rights afforded to "employees" under the FLSA. Whether Mr. Lance is entitled to those FLSA benefits – which necessarily form part of "all" the benefits to

6

which an "employee" is entitled - necessarily implicates the FLSA.

25. The FLSA defines an "employee" as "any individual employed by an employer." The terms "employ" and "employer" are further defined by the FLSA. In applying those terms to determine if a worker is an employee (as opposed to independent contractor), the U.S. Department of Labor and federal courts have developed a test that considers many factors, known as the "economic realities" test. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) ("To determine whether an individual falls into the category of covered "employee" or exempted "independent contractor," courts look to the "economic reality" of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence.") (internal citations omitted). Under this test, the "inquiry is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship, but rather focuses on whether "the work done, in its essence, follows the usual path of an employee.'" *Id.* (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947)).

26. While not relevant for purposes of this Notice of Removal, an application of the economic realities test quickly reveals that Mr. Lance was an employee and, therefore, misclassified.

27. While the face of the Complaint itself necessarily implicates the FLSA, the letter to FIC, which raised the dispute in the first instance, expressly pointed to the FLSA as the source of Mr. Lance's rights as an employee. It is proper to consider such evidence (along with the Declaration of Mr. Lance, attached as **Exhibit "D"**). *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770-71 (11th Cir. 2010).

28. Stated plainly, the only "misclassification" dispute that Mr. Lance ever raised to FIC is that he was misclassified under the FLSA; therefore, that is the only possible basis for which FIC can claim in good-faith that an actual dispute exists for seeking declaratory relief concerning Mr. Lance's classification.

29. For all of the above reasons, this Court has original jurisdiction over this action based on a federal question pursuant to 28 U.S.C. § 1331, and this case is properly removable.

**Supplemental Jurisdiction Under 18 U.S.C. § 1367**

30. This Court should exercise supplemental jurisdiction over all claims in the Complaint. All the claims are so related that they form part of the same case and controversy pursuant to 18 U.S.C. § 1367.

31. The claims in the Complaint are related and form part of the same case and controversy for obvious and perhaps less obvious reasons. First, one of the primary arguments that the Restrictive Covenant Agreement is not enforceable at all is premised on the argument that FIC misclassified Mr. Lance. (*See* Exhibit B). That's because, if Mr. Lance was misclassified, then FIC failed to pay him substantial overtime and failed to comply with a number of other rights bestowed on employees.

32. In addition to misclassification acting as a shield against the Restrictive Covenant Agreement, it is also a sword in this action. Mr. Lance intends to assert claims based on the FLSA. In fact, to put a finer point on it, if this Court for some reason determines that the FLSA is not inherently implicated and orders remand, Mr. Lance would then file a separate lawsuit in federal court based on, among other claims, the

FLSA.

33. Third, the employee misclassification and commissions disputes require the parties to seek discovery on much of the same evidence – namely, various payroll records.

34. Finally, the state law claims (*i.e.*, enforcement of the Restrictive Covenant Agreement and declaratory relief regarding commissions) do not invoke any of the reasons for declining to exercise supplemental jurisdiction under 29 U.S.C. § 1367(c). Specifically, (i) there are no obvious novel or complex issues of state law, (ii) the state law claims do not "predominate" over the employee misclassification issue – at a minimum, the misclassification issue is on equal footing in that it affects the outcome of the restrictive covenant claims and overlaps in discovery with the commission claim, and (iii) there are no "exceptional circumstances" that compel declining jurisdiction.

35. Simply stated, the claims and disputes will be litigated and resolved more efficiently in a single form.

**Filing Notice of Removal in State Court Action**

36. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

37. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida, as provided by law, which is attached hereto as **Exhibit "E".**

WHEREFORE, Defendants remove the State Court Action and respectfully request that this Court take jurisdiction of this action and issue all necessary orders and

process to remove the State Court Action to the United States District Court for the Southern District of Florida, Fort Pierce Division.

| | |
|---|---|
| Dated March 9, 2017 | Respectfully submitted, |

*/s/ William J. Cantrell*
William J. Cantrell
Florida Bar Number 103254
Primary e-mail: william.cantrell@ogletree.com
Secondary e-mail: tamdocketing@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone:  813.289.1247
Facsimile:   813.289.6530

AND

Ricardo A. Duarte, Esq.
Florida Bar Number 88614
Primary Email: rduarte@rywantalvarez.com
Secondary: lpesce@rywantalvarez.com
Rywant, Alvarez, Jones, Russo & Guyton, P.A.
109 N. Brush Street, Suite 500
Tampa, Florida 33602
Telephone: 813.229.7007
Facsimile: 813.223.6544

*Attorneys for Defendants, Deryck Lance and Lance Insurance Group, P.L.L.C*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 9, 2017 I filed the foregoing with the Court using the CM/ECF system.

**I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic mail upon Plaintiff's counsel:

Louis E. Lozeau, Jr., Esq.
Wright, Ponsoldt & Lozeau, Trial Attorneys, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, FL 34996
Primary e-mail: llozeau@wpltrialattorneys.com
Secondary e-mail: dnorth@wpltrialattorneys.com

*/s/ William J. Cantrell*
Attorney

28904863.1