IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN AND
FOR ST. LUCIE COUNTY, FLORIDA

FLORIDA INSURANCE CONCEPTS,    CASE NO
LLC, f/k/a FLORIDA INSURANCE
CONCEPTS, INC.,

      Plaintiff,
vs.

DERYCK LANCE and LANCE INSURANCE
GROUP, P.L.L.C,

      Defendants.
_____/

## COMPLAINT

Plaintiff, FLORIDA INSURANCE CONCEPTS, LLC, f/k/a FLORIDA INSURANCE CONCEPTS, INC. ("Florida Insurance"), sues Defendants, DERYCK LANCE ("Mr. Lance") and LANCE INSURANCE GROUP, P.L.L.C. ("Lance Insurance"), and states:

### 1. JURISDICTION AND VENUE

1.1    This is an action for injunctive relief and damages exceeding $15,000.00, exclusive of interest, attorneys' fees, and costs.

1.2    Florida Insurance is a Florida limited liability company licensed to conduct business in the State of Florida with its principal office in St. Lucie County, Florida.

1.3    Venue is proper in St. Lucie County, Florida.

### 2. GENERAL ALLEGATIONS

2.1    Florida Insurance is an independent agent that offers personal and commercial insurance products to individuals and businesses, including workers' compensation insurance policies.

1

2.2  In 2010, Florida Insurance and Mr. Lance entered into negotiations for Mr. Lance to sell and transfer his book of business of insurance accounts from an entity owned and controlled by Mr. Lance.

2.3  As part of the negotiations, Mr. Lance requested that he become an independent contractor and provide services to Florida Insurance, including selling various insurance policies. Mr. Lance made it specifically clear that he did not want to be an employee of Florida Insurance because he did not want to work full-time and he wanted the flexibility afforded to him as an independent contractor. In fact, over the term of his relationship with Florida Insurance, Mr. Lance requested that commission payments owed to him be paid to specific named entities that he owned and controlled.

2.4  The parties effectuated the sale of Mr. Lance's book of business of insurance accounts at the end of 2010, and he became an independent contractor.

2.5  As a condition to providing services for Florida Insurance as an independent contractor, Florida Insurance required that Mr. Lance enter into a Covenant Not To Compete (the "Lance Agreement"). A true and correct copy of the Lance Agreement is attached as Exhibit "A".

2.6  The Lance Agreement generally provides that Mr. Lance will not disclose confidential information provided to him, he will return all confidential information upon termination of his relationship with Florida Insurance, and he will not for a period of two years after the termination of his relationship with Florida Insurance solicit or divert any of Florida Insurance's customers.

2.7     On July 1, 2016, Mr. Lance requested by email that he be provided Florida Insurance's 2015 and 2016 1st and 2nd Quarter Producer Reports, Book of Business Report, and follow up reports to these specific reports.

2.8     On July 22, 2016, Florida Insurance emailed the requested information to Mr. Lance. The information provided contains Florida Insurance's customer names, policy premium amounts, and the expiration date of the insurance policies. All of the information is confidential information as that term is defined in the Lance Agreement.

2.9     On July 27, 2016, just five days after receiving the requested confidential information, Mr. Lance sent an email to Florida Insurance stating that effective immediately, he was separating from Florida Insurance.

2.10    Immediately after terminating his relationship with Florida Insurance, Mr. Lance began soliciting Florida Insurance's customers. In fact, by way of example, on July 26, 2016, Mr. Lance presented a commercial insurance policy with a premium of about $121,373.00 to a customer in which the proposal had Florida Insurance's name on it and information as to why the customer should choose Florida Insurance as its insurance agent. Immediately after terminating his relationship with Florida Insurance, Mr. Lance convinced the customer to purchase the policy through him instead of Florida Insurance for which he received a commission of about $11,585.00, which otherwise should have gone to Florida Insurance.

2.11    All conditions precedent to the bringing of this action have been performed or have been waived.

## 3. ATTORNEYS' FEES

3.1     Florida Insurance retained the law firm of Wright, Ponsoldt & Lozeau, Trial Attorneys, L.L.P., and agreed to pay it a reasonable fee.

## 4. COUNT I – INJUNCTIVE RELIEF (BREACH OF AGREEMENT AS TO RESTRICTIVE COVENANT)

Florida Insurance realleges the allegations in Sections 1, 2, and 3 here.

4.1     This is an action for injunctive relief to prevent Mr. Lance from further breaching the Lance Agreement.

4.2     The Lance Agreement is a valid and binding contract between Florida Insurance and Mr. Lance.

4.3     Paragraph 3 of the Lance Agreement states:

I agree that during the term of my association, and for a period of two (2) years immediately after I leave Florida Insurance Concepts, for any reason, I will not directly or indirectly, in any market area in which Florida Insurance Concepts transacts business:

a)      For myself, or on behalf of any other person, firm or competing organization, solicit, divert, take away or attempt to divert or take away any of Florida Insurance Concepts' customers or Florida Insurance Concepts' sources of referrals, business or customers; or,

b)      For myself, or on behalf of or in conjunction with any person, firm or competing organization, solicit, entice, hire, employ or endeavor to employ any of Florida Insurance Concepts' employees; or,

c)      I further agree that this restrictive covenant shall be equally applicable to any other association I may have with Florida Insurance Concepts in the event of a promotion or a change in the nature of my association or change in the amount of any basis of my compensation.

4.4     Mr. Lance has breached and continues to breach the Lance Agreement by soliciting, diverting, taking away, and attempting to divert or take away Florida Insurance's customers.

4

4.5   Florida Insurance has no adequate remedy at law to prevent Mr. Lance from violating the Lance Agreement, in that Florida Insurance's past and future damages and loss of customers as a result of Mr. Lance's actions cannot be ascertained with specificity and compensated for in an action at law.

4.6   Florida Insurance has a substantial investment in its customers and Mr. Lance's violations of the Lance Agreement are causing irreparable harm. Florida Insurance's injury is irreparable because customers, once lost, cannot be required to restore their business with Florida Insurance.

4.7   Mr. Lance's violations of the Lance Agreement have and are continuing to interfere with the business, goodwill, and customer relationships of Florida Insurance. Moreover, Mr. Lance's direct solicitation of Florida Insurance's customers and utilization of its customer information, pricing information, and other confidential information is providing Mr. Lance with unfair competitive advantages at the expense of Florida Insurance.

4.8   Florida Insurance has legitimate business interests justifying the restrictive covenants due to, among other things: (i) trade secrets; (ii) valuable confidential business or professional information that otherwise may not qualify as trade secrets; (iii) substantial relationships with specific prospective or existing customers or clients; and (iv) customer or client goodwill associated with an ongoing business practice by way of trade name or a specific marketing or trade area.

4.9   The restrictive covenants in the Lance Agreement are reasonably necessary to protect the legitimate business interests justifying the restrictions. The two

5

(2) year duration of the restraint is reasonable and no longer than necessary to protect, among other things, Florida Insurance's customer relationships.

4.10   Section 542.33(2)(a), Florida Statutes, provides this Court discretion to enforce the Lance Agreement by injunction.

WHEREFORE, Florida Insurance respectfully requests that the Court: (i) enjoin Mr. Lance from further breaches of the restrictive covenants in the Lance Agreement; (ii) award Florida Insurance its costs and attorneys' fees; and (iii) grant all further relief the Court deems necessary or appropriate.

## 5. COUNT II – BREACH OF CONTRACT AS TO RESTRICTIVE COVENANT (DAMAGES)

Florida Insurance realleges the allegations in Sections 1, 2, and 3 here.

5.1   The Lance Agreement is a valid and binding contract between Florida Insurance and Mr. Lance.

5.2   Paragraph 3 of the Lance Agreement states:

I agree that during the term of my association, and for a period of two (2) years immediately after I leave Florida Insurance Concepts, for any reason, I will not directly or indirectly, in any market area in which Florida Insurance Concepts transacts business:

a)   For myself, or on behalf of any other person, firm or competing organization, solicit, divert, take away or attempt to divert or take away any of Florida Insurance Concepts' customers or Florida Insurance Concepts' sources of referrals, business or customers; or,

b)   For myself, or on behalf of or in conjunction with any person, firm or competing organization, solicit, entice, hire, employ or endeavor to employ any of Florida Insurance Concepts' employees; or,

c)   I further agree that this restrictive covenant shall be equally applicable to any other association I may have with Florida Insurance Concepts in the event of a promotion or a change in the nature of my association or change in the amount of any basis of my compensation.

5.3   Mr. Lance has breached and continues to breach the Lance Agreement by soliciting, diverting, taking away, and attempting to divert or take away Florida Insurance's

5.4   Florida Insurance has a substantial investment in its customers and Mr. Lance's violations of the Lance Agreement are causing substantial harm. Florida Insurance's injury is substantial because customers, once lost, cannot be required to restore their business with Florida Insurance.

5.5   Mr. Lance's violations of the Lance Agreement have and are continuing to interfere with the business, goodwill, and customer relationships of Florida Insurance. Moreover, Mr. Lance's direct solicitation of Florida Insurance's customers and utilization of its customer information, pricing information, and other confidential information is providing Mr. Lance with unfair competitive advantages at the expense of Florida Insurance.

5.6   Florida Insurance has legitimate business interests justifying the restrictive covenants due to, among other things: (i) trade secrets; (ii) valuable confidential business or professional information that otherwise may not qualify as trade secrets; (iii) substantial relationships with specific prospective or existing customers or clients; and (iv) customer or client goodwill associated with an ongoing business practice by way of trade name or a specific marketing or trade area.

5.7   The restrictive covenants in the Lance Agreement are reasonably necessary to protect the legitimate business interests justifying the restrictions. The two (2) year duration of the restraint is reasonable and no longer than necessary to protect, among other things, Florida Insurance's customer relationships.

7

5.8    Because of Mr. Lance's breaches of the Lance Agreement, Florida Insurance has been and will continue to be damaged.

WHEREFORE, Florida Insurance respectfully requests that the Court enter judgment against Mr. Lance for: (i) damages; (ii) special damages of lost profits; (iii) costs and attorneys' fees; (iv) interest; and (v) grant all further relief as the Court deems necessary or appropriate.

### 6. COUNT III – INJUNCTIVE RELIEF (BREACH OF AGREEMENT AS TO CONFIDENTIAL INFORMATION)

Florida Insurance realleges the allegations in Sections 1, 2, and 3 here.

6.1    This is an action for injunctive relief to require Mr. Lance to return confidential information to Florida Insurance and prevent Mr. Lance from further breaching the Lance Agreement by using confidential information.

6.2    The Lance Agreement is a valid and binding contract between Florida Insurance and Mr. Lance.

6.3    Paragraph 2 of the Lance Agreement states:

> I will at all times preserve as confidential all Confidential Information that has been or may be provided to or obtained by me. I will not, at any time, without written authority from Florida Concepts, use for my own benefit or purposes, or disclose to others, whether during my association or thereafter, except as required by my association with Florida Insurance Concepts, any Confidential Information or any copy or notes made from any written documentation of Confidential Information. I will not remove any written documentation of Confidential Information from the premises owned or leased by Florida Insurance Concepts except as my duties shall require, and upon leaving the Florida Insurance Concepts, for any reason, all written documentation of Confidential Information will be turned over to my supervisor at Florida Insurance Concepts. I understand that my obligations with respect to Confidential Information shall continue even after leaving the Florida Insurance Concepts for any reason.

6.4  "Confidential Information" is defined in paragraph 4 of the Agreement as:

> [A]ll information relating to present or planned business of Florida Insurance Concepts which has not been released publicly by authorized representatives of Florida Insurance Concepts. I understand that Confidential Information may include, but it not limited to, trade secrets and know-how; inventions; marketing; sales programs; business plan techniques; franchisee, employee, customer and supplier information; financial data; price lists; pricing information; regulatory approval and reimbursement strategies; data; all operational manuals; and, trademarks, patents and copyrighted materials.

6.5  In addition to the confidential information Mr. Lance requested and was provided five days before he terminated his relationship with Florida Insurance, Mr. Lance had access to and was provided other confidential business information.

6.6  Mr. Lance has breached and continues to breach the Lance Agreement by failing to return the confidential information to Florida Insurance and improperly using the confidential information for his benefit and the benefit of Lance Insurance.

6.7  Mr. Lance's violations of the Lance Agreement have and are continuing to interfere with the business, goodwill, and customer relationships of Florida Insurance. Moreover, Mr. Lance's direct solicitation of Florida Insurance's customers and utilization of its customer information, pricing information, and other confidential information is providing Mr. Lance with unfair competitive advantages at the expense of Florida Insurance.

6.8  Florida Insurance has a clear legal right to the relief requested: an injunction requiring Mr. Lance to return all confidential information and enjoining him from any further use of Florida Insurance's confidential information.

6.9    Florida Insurance has no adequate remedy at law to prevent Mr. Lance from violating the Lance Agreement, in that Florida Insurance's past and future damages and loss of customers as a result of Mr. Lance's actions cannot be ascertained with specificity and compensated for in an action at law.

6.10   Florida Insurance has a substantial investment in its confidential information and Mr. Lance's violations of the Lance Agreement are causing irreparable harm.  Florida Insurance's injury is irreparable because customers, once lost, cannot be required to restore their business with Florida Insurance.

WHEREFORE, Florida Insurance respectfully requests that the Court: (i) order Mr. Lance to return all confidential information to Florida Insurance Concepts and enjoin Mr. Lance from further use of any of Florida Insurance's confidential information; (ii) award Florida Insurance its costs and attorneys' fees; and (iii) grant all further relief the Court deems necessary or appropriate.

## 7. COUNT IV – BREACH OF CONTRACT AS TO CONFIDENTIAL INFORMATION (DAMAGES)

Florida Insurance realleges the allegations in Sections 1, 2, and 3 here.

7.1    The Lance Agreement is a valid and binding contract between Florida Insurance and Mr. Lance.

7.2    Paragraph 2 of the Lance Agreement states:

I will at all times preserve as confidential all Confidential Information that has been or may be provided to or obtained by me. I will not, at any time, without written authority from Florida Concepts, use for my own benefit or purposes, or disclose to others, whether during my association or thereafter, except as required by my association with Florida Insurance Concepts, any Confidential Information or any copy or notes made from any written documentation of Confidential Information. I will not remove any written documentation of Confidential Information from the premises owned or leased by Florida Insurance Concepts except as my duties shall

10

require, and upon leaving the Florida Insurance Concepts, for any reason, all written documentation of Confidential Information will be turned over to my supervisor at Florida Insurance Concepts. I understand that my obligations with respect to Confidential Information shall continue even after leaving the Florida Insurance Concepts for any reason.

7.3   "Confidential Information" is defined in paragraph 4 of the Agreement as:

> [A]ll information relating to present or planned business of Florida Insurance Concepts which has not been released publicly by authorized representatives of Florida Insurance Concepts. I understand that Confidential Information may include, but it not limited to, trade secrets and know-how; inventions; marketing; sales programs; business plan techniques; franchisee, employee, customer and supplier information; financial data; price lists; pricing information; regulatory approval and reimbursement strategies; data; all operational manuals; and, trademarks, patents and copyrighted materials.

7.4   In addition to the confidential information Mr. Lance requested and was provided five days before he terminated his relationship with Florida Insurance, Mr. Lance had access to and was provided other confidential business information.

7.5   Mr. Lance has breached and continues to breach the Lance Agreement by failing to return the confidential information to Florida Insurance and improperly using the confidential information for his benefit and the benefit of Lance Insurance.

7.6   Mr. Lance's violations of the Lance Agreement have and are continuing to interfere with the business, goodwill, and customer relationships of Florida Insurance. Moreover, Mr. Lance's direct solicitation of Florida Insurance's customers and utilization of its customer information, pricing information, and other confidential information is providing Mr. Lance with unfair competitive advantages at the expense of Florida Insurance.

7.7    Because of Mr. Lance's breaches of the Lance Agreement, Florida Insurance has been and will continue to be damaged.

WHEREFORE, Florida Insurance respectfully requests that the Court enter judgment against Mr. Lance for: (i) damages; (ii) special damages of lost profits; (iii) costs and attorneys' fees; (iv) interest; and (v) grant all further relief as the Court deems necessary or appropriate.

### 8. COUNT V – DECLARATORY JUDGMENT AS TO PAYMENT OF COMMISSIONS

The allegations contained in Sections 1 and 2 are realleged here.

8.1    This Count is for declaratory relief related to commissions that Mr. Lance and Lance Insurance claims is owed from the business relationship with Florida Insurance.

8.2    During the term of the business relationship between Florida Insurance and Mr. Lance, Mr. Lance requested that earned commissions be paid to Lance Insurance.

8.3    A substantial portion of the insurance policies that Mr. Lance and Lance Insurance sold were workers' compensation policies for various businesses.

8.4    The premium paid and the commission earned on workers' compensation policies varies each month for the business based on the number of employees and the wages paid for that month by the business. The commission, however, is not determined and earned until after the premium is paid each month by the customer.

8.5    An issue has arisen as to whether Mr. Lance and Lance Insurance is entitled to commissions earned and paid to Florida Insurance after Mr. Lance's

termination of his relationship with Florida Insurance for policies he was responsible for procuring or assigned to.

8.6     Florida Insurance claims that Mr. Lance and Lance Insurance are not entitled to commissions earned and paid after Mr. Lance's separation because the commission was earned and paid after Mr. Lance's separation and because Florida Insurance was required to assign someone to the policies to manage the policies and provide support to the customer.

8.7     Mr. Lance and Lance Insurance disagree with Florida Insurance and have demanded that Florida Insurance pay commissions earned and paid to Florida Insurance after Mr. Lance's separation from Florida Insurance for policies that Mr. Lance and Lance Insurance procured or that he was assigned to.

8.8     Because of the differences in the claims between the parties, a controversy exists between Florida Insurance and Mr. Lance and Lance Insurance.

8.9     There exists a bona fide, actual, present, and practical need for the Court to declare the rights of the parties related to the payment of commissions for the policies.

8.10    The requested declaration deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts and some immunity, power, privilege, or right of Florida Insurance is dependent upon the facts or the law applicable to the facts.

8.11    There is no other person or persons who have, or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter of this Count,

either in law or fact, and the antagonistic and adverse interest is before the Court by proper process.

8.12   The relief sought is not merely the giving of legal advice by the Court or the answer to questions propounded from curiosity.

WHEREFORE, Florida Insurance requests that the Court: (i) enter a declaratory judgment that it is not required to pay any commissions to Mr. Lance and Lance Insurance for commissions earned and paid to it after Mr. Lance's separation from Florida Insurance; (ii) award Florida Insurance its costs; and (iii) grant all other appropriate relief, including any supplemental relief requested above or as justice and equity may require under Fla. Stat. §86.061.

## 9. COUNT VI – DECLARATORY JUDGMENT AS TO MR. LANCE'S CLASSIFICATION

The allegations contained in Section 1 and Paragraphs 2.1-2.4 and 2.9 are realleged here.

9.1   This Count is for declaratory relief related to Mr. Lance's classification as an independent contractor during his business relationship with Florida Insurance.

9.2   During the term of the business relationship between Florida Insurance and Mr. Lance, Mr. Lance requested that he be an independent contractor because he did not want to be a full-time employee, he wanted flexibility of his work hours, and he wanted control over the amount of work he had to perform and the amount of commissions he earned.

9.3   Despite requesting to be an independent contractor, having commissions paid to his entities, including Lance Insurance, and being classified as independent contractor for almost six years, Mr. Lance now takes the position and claims that he

14

should have been classified as an employee and entitled to all benefits an employee is legally entitled to.

9.4  Florida Insurance claims that Mr. Lance was at all times properly classified as an independent contractor.

9.5  An issue has arisen as to whether Mr. Lance's proper classification during his business relationship with Florida Insurance.

9.6  Because of the differences in the claims between the parties, a controversy exists between Florida Insurance and Mr. Lance.

9.7  There exists a bona fide, actual, present, and practical need for the Court to declare the rights of the parties related to the proper classification of Mr. Lance during his business relationship with Florida Insurance.

9.8  The requested declaration deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts and some immunity, power, privilege, or right of Florida Insurance is dependent upon the facts or the law applicable to the facts.

9.9  There is no other person or persons who have, or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter of this Count, either in law or fact, and the antagonistic and adverse interest is before the Court by proper process.

9.10  The relief sought is not merely the giving of legal advice by the Court or the answer to questions propounded from curiosity.

WHEREFORE, Florida Insurance requests that the Court: (i) enter a declaratory judgment that Mr. Lance was properly classified as an independent contractor; (ii)

award Florida Insurance its costs; and (iii) grant all other appropriate relief, including any supplemental relief requested above or as justice and equity may require under Fla. Stat. §86.061.

Dated this 16 day of February, 2017.

> WRIGHT, PONSOLDT & LOZEAU
> TRIAL ATTORNEYS, L.L.P.
> 1002 S.E. Monterey Commons Boulevard
> Suite 100
> Stuart, Florida 34996
> (772)286-5566 Telephone
> (772)286-9102 Facsimile
> Primary Email: llozeau@wpltrialattorneys.com
> Secondary: dnorth@wpltrialattorneys.com
>
> _____
> LOUIS E. LOZEAU, JR.
> Fla. Bar No.: 985449